UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT LEE CLOY,

        Petitioner,

v.                                                                    Case No. 1:15-CV-286

KENNETH MCKEE,                                       HON. GORDON J. QUIST

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Robert Lee Cloy, has filed Objections to Magistrate Ellen S. Carmody's May 14, 2015 Report and Recommendation (R & R) (dkt. # 9), in which the magistrate judge recommends that the Court deny the habeas corpus petition. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R and Petitioner Objections, the Court will adopt the R & R and overrule Petitioner's Objections.

Petitioner was convicted by a jury in Berrien County Circuit Court on September 16, 2002. He did not file an appeal. On October 13, 2012—ten years after his conviction—Petitioner filed a motion for relief from judgment in the circuit court, which was denied. Thereafter, Petitioner sought leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court, but those requests were denied. Petitioner filed a habeas petition in this Court on April 24, 2015.

A habeas petitioner must file a petition within one year of the date on which the conviction became final.  *See* 28 U.S.C. § 2244(d)(1).  In this case, Petitioner's conviction became final upon the deadline for seeking appeal of his conviction—September 16, 2003.  Petitioner did not file his habeas petition until more than ten years later.

Petitioner's argument that the one-year clock began to run only after he exhausted the appeals on his post-conviction motion is unavailing.  When Petitioner filed his motion for relief from judgment, the period for filing a habeas petition had already expired, and was not restarted by the filing of that motion.  *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002) ("A state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled.").  Thus, the one-year period for filing had expired long before Petitioner filed his petition.

Petitioner's argument that he is entitled to equitable tolling fares no better.  A petitioner seeking equitable tolling must demonstrate (1) that he has pursued his rights diligently; and (2) that an extraordinary circumstance stood in the way.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  Even if Petitioner's appellate counsel were to blame for the failure to file an appeal, Petitioner could not demonstrate that he diligently pursued his rights.  Petitioner did not file a post-conviction motion in state court until more than 10 years after his conviction, and more than seven years after his appellate attorney was removed from his case.  Because Petitioner's actions do not demonstrate due diligence, he is not entitled to equitable tolling.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right."  *Id.*  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th

Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong.  Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation issued May 14, 2015 (dkt. #9) is **ADOPTED** as the Opinion of the Court, and Petitioner's Petition (dkt. #1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections to the R & R (dkt. #10) are **OVERRULED**.

**This case is concluded.**

**A separate judgment will issue.**

Dated:  July 20, 2015                                                      /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE